United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 03-11338

————————

VERANDAH SALON, INC; FAROUK SIDHOM,

Plaintiffs-Appellants-Cross-Appellees,

versus

CROW-BRIGHTON NO 18 LTD; WYNDHAM INTERNATIONAL
INC; ANATOLE PARTNERS II LP; ANATOLE PARTNERS
INDEPENDENT CORP; WYNDHAM MANAGEMENT CORP;
ANATOLE PARTNERS,

Defendants-Appellees-Cross-Appellants.

Appeals from the United States District Court
For the Northern District of Texas
USDC No. 3:02-CV-1549-K

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Verandah Salon, Inc. and Farouk Sidhom ("Sidhom") appeal the district court's order

granting summary judgment. Crow-Brighton No. 18, Ltd., Wyndham International, Inc., Anatole

————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Partners II, LP, Anatole Partners Independent Corp., Wyndham Management Corp., and Anatole Partners (collectively, "Defendants") cross appeal, claiming that the district court erred by denying attorneys' fees and non-taxable costs. Verandah Salon, Inc. and Sidhom claim that the Defendants terminated a lease with Verandah Salon and otherwise discriminated against Verandah Salon because Sidhom is Egyptian. They claim three trial court errors: (1) the granting of summary judgment as to discrimination and retaliation claims; (2) the granting of summary judgment as to tortious interference with contract claim; and (3) the granting summary judgment as to breach of contract claim. Having fully considered the arguments of counsel as advanced in briefs and oral argument, and having carefully reviewed the record on appeal, we find that there was no fact issue supporting (1) a discrimination or retaliation claim; (2) a tortious interference with contract or with prospective business relationship claim; or (3) a breach of contract claim. We also find that the district court properly denied the Defendants' motion for attorneys' fees and non-taxable costs.

The judgment, accordingly, is AFFIRMED.